IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Carrie B. Woodley, | ) | Civil Action No. 1:09-cv-2026-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Commissioner of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). This matter is currently before the Court for review of the Report and Recommendation of Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. §§ 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, et seq., D.S.C. The Magistrate Judge has recommended the Commissioner's decision be reversed and remanded. The Commissioner timely filed objections to the Magistrate Judge's Report and Recommendation. For the reasons set forth below, the Court adopts the Report and Recommendation and reverses and remands the decision of the Administrative Law Judge for further proceedings consistent with this Order.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 273 (1976). The Court is charged with making a *de novo*

-1-

determination of those portions of the Report to which specific objection has been made, and the Court may accept, reject or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

The role of the Federal Judiciary in the administrative scheme established by the Social Security Act ( "Act") is a limited one. Section 205(g) of the act provides that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...". 42 U.S.C. § 405(g). "Substantial evidence has been defined as more than a scintilla, but less than a preponderance." *Thomas v. Celebreeze*, 331 F. 2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F. 2d 1157 (4th Cir. 1971). The Court must uphold the Commissioner's decision so long as it is supported by substantial evidence and made in accord with controlling law. *Blalock v. Richardson*, 483 F. 2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F. 2d 278, 279 (4th Cir. 1969).

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support the determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F. 2d 514, 517 (4th Cir. 1987).

## BACKGROUND

The Plaintiff, who is 49 years of age, initially applied for DIB on November 25, 2005, alleging disability since January 16, 2004. A hearing was conducted Administrative Law Judge

Gregory M. Hamel ("the ALJ") on November 18, 2008. The ALJ issued a decision on February 9, 2009, utilizing the five step inquiry mandated by 20 CFR 416.920 and finding that Plaintiff was not disabled within the meaning of the Act. Following the Appeal Council's denial of Plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. The Plaintiff then timely filed her Complaint seeking judicial review pursuant to 42 U.S.C. § 405(g).

The Plaintiff presented the records of a variety of health care providers establishing that what all parties agree are a number of "severe impairments" under the Act. 20 CFR 404.1520 *et seq*. These include cervical and lumbar disc disease, fibromyalgia, a history of left rotator cuff tear and de Quervain's tenosynovitis, diabetes, depression and post-traumatic stress disorder. (Tr. 14). In support of her claim for disability, Plaintiff presented medical records and opinions from her treating primary care physician, Dr. Betty Obong; her treating psychiatrist, Dr. Peter Nylor; and a treating licensed social worker, Norma, Lynn Higgins. Plaintiff also present a neuropsychological evaluation performed by Dr. Brian L. West, Ph.D. Additional evidence was offered by a report of a state agency physician, Dr. Seham El Ibiary, who neither treated nor examined Plaintiff, and the testimony a vocational expert, Robert Brabham, who responded to hypothetical questions.

The ALJ concluded that the Plaintiff was not disabled under the Act because she had sufficient residual functional capacity to perform "light work" pursuant to the standards set forth in 20 CFR 404.1567(b). The ALJ found that such "light work" would necessarily be limited to only occasional climbing, balancing, stooping, kneeling, crouching and crawling. (Tr. At 16). He further found that Plaintiff would be unable to perform duties that involved the need to climb ropes, ladders and scaffolds, reach overhead with her left dominant extremity or perform more than occasional manipulative functions with her left extremity. He also found that she would be able to tolerate only

occasionally public contact in any such position. *Id.* The ALJ relied on the testimony of the vocational expert that such positions of "light work" were available to Plaintiff in the national economy. (Tr. At 20).

Once the ALJ's decision became the decision of the Commissioner, Plaintiff filed a complaint in this Court asserting violations of her rights under the Social Security Act. She asserted that the ALJ failed to consider the combined effect of her multiple impairments, as required by 42 U.S.C. § 423(d)(2)(B) and 20 CFR § 404.1523, did not articulate a sufficient basis to disregard the opinions of her treating health care providers and did not address the evidence provided by her neuropsychological evaluation. The Magistrate Judge thereafter issued the report and recommendation in which she found merit in Plaintiff's appeal and recommended that the Commissioner's decision be reversed and remanded.

## DISCUSSION

### A. Consideration of Plaintiff's Combined Impairments

It is well settled that where a Social Security claimant for disability benefits has multiple impairments the Commissioner "shall consider the combined effect of the individual impairments without regard to whether any such impairment, if considered separately, would be of such severity." 42 U.S.C. § 423 (d)(2)(B). *See also,* 20 CFR § 404.1523. This requires the ALJ both to consider the cumulative effect of the claimant's individual impairments and to "adequately explain his or her evaluation of the combined effect of impairments." *Walker v. Bowen,* 889 F. 2d 47, 50 (4th Cir. 1989). *See also, Saxon v. Asture,* 662 F. Supp. 2d 471, 479 (D.S.C. 2009) (J. Blatt) ("judges in the District of South Carolina have reiterated the importance of the ALJ providing an adequate explanation of the evaluation of the combined effects of the impairments"); *Lemacks v. Astrue,* 2008

WL 2510087 at 4 (D.S.C. 2008) (J. Harwell) (remand necessary where ALJ failed to address the "compounding effects" of claimant's multiple impairments); *Alonzeau v. Astrue*, 2008 WL 313786 at 3 (D.S.C. 2008) (J. Seymour) (failure of the ALJ "to adequately explain his evaluation of the combined effects of Plaintiff's impairments" requires remand).

The ALJ separately discussed Plaintiff's multiple physical and mental impairments but failed to address the combined effect of these impairments on her claim for disability. A separate discussion of each impairment, without the additional analysis of the combined effect of these impairments on the claim for disability, is insufficient to meet the statutory and regulatory requirements. 42 U.S.C. § 423(d)(2)(B); 20 CFR 404.1523; *Walker v. Bowen*, 889 F. 2d at 49. The Court, therefore, reverses the ALJ decision and remands for further action consistent with this Order.

## B. Adequate Weight to the Opinions of Plaintiff's Treating Health Care Providers

The opinions of treating health care providers are "generally...give[n] more weight" in Social Security disability proceedings because these sources "are likely to be the medical professionals most able to provide a detailed, longitudinal picture" of the claimant's impairments and "may bring a unique perspective to the medical evidence...". 20 CFR §404.1527(d)(2). Under some circumstances, the regulations provide that the opinions of the treating health care provider will be given "controlling weight", and any determination will include "good reasons...for the weight we give your treating source's opinion." *Id.* The ALJ must explain the rationale for disregarding the opinion of the treating providers and provide "persuasive contradictory evidence." *Mitchell v. Schweiker*, 699 F. 2d 185, 187 (4th Cir. 1983); *Harmon v. Astrue*, 2010 WL 3786496 at 4 (D.S.C. 2010) (J. Norton).

The ALJ substantially discounted the opinions of Plaintiff's two treating medical providers,

Dr. Obong and Dr. Nylor, and the treating social worker, Ms. Higgins, but offered little in the way of details concerning the medical evidence upon which the rejection of those medical opinions was based. The Magistrate Judge concluded that the ALJ failed to articulate a sufficient basis in the record to support the rejection of the opinions of these treating health care providers. (Dkt. Entry 21, pp. 32-38). The Magistrate Judge further concluded that the efforts of the Commissioner in his briefs in this appeal to identify aspects of the record supportive of the ALJ's decision constituted "post hoc rationalizations" that are not an adequate substitute for the ALJ's failure to articulate his basis for rejecting the opinions of Plaintiff's treating providers. (Dkt. Entry 21, pp. 34-35, 37 and 38).

The Court finds that the ALJ failed to set forth "good reasons" for the weight given to the treating health care providers, in violation of 20 CFR 404.1527(d)(2), which mandates reversal and remand. On remand, the ALJ, to the extent he wished to reject the opinions of Plaintiff's treating health care providers, must articulate "with persuasive contradictory evidence" the basis for rejecting the opinions of Plaintiff's treating health care providers.[1]

## C. Failure to Address the Plaintiff's Neuropsychological Evaluation

The Commissioner readily concedes that the ALJ failed to address the Plaintiff's neuropsychological evaluation conducted by Dr. Brian West, but attempts to argue that any oversight was harmless and the evaluation was actually supportive of the ALJ's decisions. (Dkt. Entry 15, p. 23-25). The Court declines to find that the wholesale failure to discuss the neuropsychological

---

[1] The Court is aware that the ALJ provided "partial weight" to a portion of the evidence provided by Ms. Higgins that he asserted supported his conclusion that Plaintiff was not disabled. On remand, the ALJ should clearly explain the weight he gives Ms. Higgins opinions and the reasons for doing so.

evaluation is harmless error. *See, Harmon v. Astrue* at 5. The Court reverses and remands and directs on remand the ALJ to appropriately address and weigh on remand the findings and conclusions of Dr. West.

## CONCLUSION

Based on the foregoing, the Court hereby reverses and remands the decision of the Commissioner for further action consistent with this Order.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

December 8, 2010
Charleston, South Carolina